PURCELL *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of. Ponce.

No. 12.—Decided November 13, 1908.

CURABLE DEFECT—VALIDITY OF CONTRACTS EXECUTED BY AGENTS BY VERBAL APPOINTMENT.—Contracts executed by agents by verbal appointment are valid, in accordance with the provisions of section 1226 of the Civil Code and law 48, title 5, of the 5th Partida.

ID.—AGENT BY VERBAL APPOINTMENT.—The appearance of the purchaser at the
execution of a deed by an agent by verbal appointment is a curable defect
according to paragraph one of article 65 of the Mortgage Law.

The facts are stated in the opinion.

The appeal was taken by the appe'lant personally.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

This is an appeal taken by Luis Purcell é Irizarri in his
own name, from a decision of the Registrar of Property of
Ponce, refusing to admit to record a deed of repurchase.

By public deed No. 466, executed in the city of Ponce,
on December 20, 1907, before Notary Rosendo Matienzo Cin-
trón, Emilia Armstrong y Toro, a widow and landowner, re-
sold a lot to Luis Purcell é Irizarri, said Mrs. Armstrong exe-
cuting the deed in her own right, while Guillermo Sapia y
Acosta appeared on behalf of his friend, the purchaser, Pur-
cell, who was residing at the time in the city of San Juan, from
whom he alleged to have a special commission by letter to ac-
cept the deed for him, with the reservation of Purcell later
ratifying and accepting it in a separate deed, the vendor re-
ceiving at once to her satisfaction the price of the resale
agreed on, to all of which the attesting notary certifies.

Upon the presentation of this deed in the Registry of Prop-
erty of Ponce for record, the registrar refused to admit it on
the grounds set forth in the decision which he. wrote at the
end of said deed, which reads as follows:

"The record of the foregoing document is denied because
the purchaser, Luis M. Purcell, not having accepted the resale
himself nor through an attorney in fact in the manner pre-
scribed by subdivision five of section 1247 of the Civil Code,
one of the expressions of consent is absent in this case, which
consent as an essential requisite for the validity of the transfer
which it is sought to record, is required by subdivision one of
section 1228 and section 1229 of the said Code. The contract
being void, in accordance with the provisions of section 1226 of

the said Code, it cannot be admitted to record, in accordance with the provisions of the third paragraph of article 65 of the Mortgage Law; and in lieu of such record a cautionary notice has been entered effective for four months, at folio 78, reverse side, of volume 116 of Ponce, estate No. 5091, record letter A. Ponce, July 7, 1908.   José Sastraño Belaval, Registrar.''

Purcell himself took an appeal in due time from this decision, seeking its reversal and the issuance of an order to the registrar to record the deed gratuitously and without collecting any fees.

Section 1226 of the Revised Civil Code only declares void contracts which are executed in the name of another, by one who has neither his authorization nor legal representation, but not those entered into by agents holding powers of attorney or having verbal authority, which were valid even under the old laws, as provided with respect to sales by law 48, title 5 of Partida 5.

The failure of the purchaser to appear and execute the deed, in accordance with law constitutes a curable defect in accordance with the provisions of the first paragraph of article 65 of the Mortgage Law, because it does not necessarily produce the nullity of the obligation therein constituted, but what is lacking at most is a legal expression of his acceptance, by the purchaser.

When curable defects alone are present, the registrars must conform to the provisions of section four of the Act of the Legislative Assembly of Porto Rico, approved March 1, 1902.

The decision placed at the end of the deed involved in this appeal is reversed, and it is held that it is recordable and should be recorded with the curable defect indicated, which shall be entered in the Registry of Property of Ponce for the purpose of the said act; and it is ordered that the documents presented be returned to the Registrar of Property of Ponce,

together with a certified copy of this decision, for the information of the person interested and other proper purposes.

*Reversed.*

Justices Hernández, MacLeary and Wolf concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.